**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DOUGLAS C. SHAFFER,                         )  <br>                                                              )  <br>                         Plaintiff,            )  <br>v.                                                         )    Case No. CIV-10-774-D  <br>                                                              )  <br>DIRECT MEDIA, INC.; OPI, INC.;      )  <br>SHEEN RHEA, a/k/a Joe Flood,         )  <br>a/k/a Jack Leebron; KAY RHEA, a/k/a )  <br>Kay Barnard; STEVE WEBER; and     )  <br>TRINA WEBER, a/k/a Katrina Weber, )  <br>                                                              )  <br>                         Defendants.        )  | |

**REPORT AND RECOMMENDATION**

Plaintiff, Douglas C. Shaffer, appearing *pro se* and *in forma pauperis*, brings this action pursuant to, *inter alia*, 42 U.S.C. § 1983, alleging violations of his federal statutory and constitutional rights. In addition, Plaintiff asserts pendent state law claims. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

Pending before the Court is Defendants' Motion to Dismiss Counts I, II & III of Plaintiff's Second Amended Complaint [Doc. #54] to which Plaintiff has filed a Response [Doc. #64]. It is recommended that Defendants' Motion be granted.

**I.     Background Facts/Plaintiff's Claims**

Plaintiff is a former inmate in the custody of the Oklahoma Department of Corrections (ODOC). At the time Plaintiff filed his Second Amended Complaint [Doc. #15] he was incarcerated at Joseph Harp Correctional Center (JHCC) in Lexington, Oklahoma. During

the pendency of this action, Plaintiff filed a Notice of Change of Address [Doc. #56] which reflects that he is no longer in custody.

Plaintiff's claims in this action arise out of his prison employment at JHCC for the time period May 2008 through November 2008. Plaintiff alleges Defendant Direct Media, Inc. (Direct Media) contracts with ODOC to employ confined inmates as telemarketing sales representatives in Direct Media's wholesale distributorship business. He alleges Defendant OPI, Inc. (OPI) is a business entity related to Direct Media. He further alleges the individual Defendants, Sheen Rhea, Kay Rhea, Steve Weber and Trina Weber are employees of Direct Media and/or OPI.

In Count I of the Second Amended Complaint, Plaintiff alleges violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 *et seq*. and the Oklahoma Minimum Wage Act, Okla. Stat. tit. 40 §§ 197.1 *et seq*. Plaintiff alleges he was paid less than minimum wage, denied incentive pay and paid for only 4 hours of work per day even though he worked in excess of 4 hours per day. In Count II, Plaintiff alleges that he was paid less than "that paid for work of a similar nature in the locality in which the work was performed" and seeks "back pay" and "liquidated damages." In Count III, Plaintiff alleges Defendants "deliberately deprived him of his due wages" and "creat[ed] an atmosphere of intimidation and fear."[1]

---

[1] In support of his claims, Plaintiff makes reference to numerous exhibits throughout the Second Amended Complaint. However, Plaintiff did not include any of these exhibits when he filed the Second Amended Complaint. Plaintiff has submitted exhibits separately in support of his
(continued...)

As relief, Plaintiff seeks back wages, compensatory damages, liquidated damages, penalties, punitive damages and costs. Plaintiff also requests attorney fees though he is appearing *pro se*.

## II.   Standard of Review

Federal Rule of Civil Procedure 12(b)(6) governs dismissal of a complaint. *See also* 28 U.S.C. § 1915A(b)(2) (requiring court to dismiss the complaint, or any portion of the complaint, that fails to state a claim for relief). To survive dismissal, a plaintiff must allege facts sufficient to demonstrate his claim for relief is plausible on its face. *Jordan-Arapahoe, LLP v. Board of County Com'rs of County of Arapahoe, Colo.*, 633 F.3d 1022, 1025 (10th Cir. 2011) (*citing Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir.2008); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "'A claim has facial plausibility when the [pleaded] factual content [ ] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Jordan-Arapahoe*, 633 F.3d at 1025 (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1940 (2009)). In making this determination, the court accepts, as true, all well-pleaded factual allegations included in the complaint. *Howard v. Waide*, 534 F.3d 1227, 1243 (10th Cir. 2008). This tenet does not, however, apply to legal conclusions, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. Finally, because

---

[1](...continued)
Response to Defendants' Motion to Dismiss. *See* Plaintiff's Appendix of Exhibits, Vol. I [Doc. #62] and Vol. II [Doc. #63].

3

Plaintiff is proceeding *pro se*, the court must liberally construe his pleadings. *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010) (*citing Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

## III. Analysis

### A. Count I – Plaintiff's Wage Claims

#### 1. FLSA Claim

Defendants seek dismissal of Plaintiff's claim brought in Count I of the Second Amended Complaint pursuant to the FLSA. Relying on Tenth Circuit precedent, Defendants contend Plaintiff's work, while a confined prisoner, was not subject to the protections of the FLSA.

In *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991), the Tenth Circuit held a federal prisoner was not an "employee" under Title VII, the Equal Pay Act, or the Age Discrimination in Employment Act. The Tenth Circuit reasoned:

> We conclude that plaintiff is not an "employee" under either Title VII or the ADEA because his relationship with the Bureau of Prisons, and therefore, with the defendants, arises out of his status as an inmate, not an employee. Although his relationship with defendants may contain some elements commonly present in an employment relationship, it arises "from [plaintiff's] having been convicted and sentenced to imprisonment in the [defendants'] correctional institution. The primary purpose of their association [is] incarceration, not employment." Prisoner Not Protected From Racial Job Bias, 2 Empl.Proc.Guide (CCH) ¶ 6865, at 7009 (April 18, 1986) (EEOC Decision No. 86–7).

*Id.* at 997. *See also Rhodes v. Schaefer*, No. 98-3323-GTV, 2002 WL 826471 at **4-5 (D. Kan. March 20, 2002) (unpublished op.) (extending rationale of *Williams* to a prisoner's Title VII claims arising out of work in a private industry operated on prison premises).

The Tenth Circuit has applied *Williams* to an Oklahoma prisoner's FLSA claim. *See Franks v. Oklahoma State Industries*, 7 F.3d 971, 973 (10th Cir. 1993). In that case, the Oklahoma prisoner sought a decree directing the Oklahoma State Industries, a division of the Oklahoma Department of Corrections, to pay back wages and damages. The Tenth Circuit recognized that generally, determining whether an individual is an "employee" for purposes of the FLSA requires application of the economic reality test. *Id.* at 973.[2] But the Court held "the economic reality test was not intended to apply to work performed in the prison by a prison inmate." *Id.* Therefore, the Court affirmed the dismissal of the prisoner's FLSA claim.

In a subsequent unpublished decision, the Tenth Circuit extended the rationale of *Franks* to affirm dismissal of an inmate's FLSA claim where the inmate worked for a private contractor that provided food services at a state prison. *See Adams v. Neubauer*, 195 Fed. Appx. 711, 713 (10th Cir. July 26, 2006) (unpublished op.). As in *Franks*, the Tenth Circuit dismissed the claim without applying the economic reality test.

---

[2]The Court identified the following factors relevant to that analysis: (1) the degree of control exerted by the alleged employer over the worker, (2) the worker's opportunity for profit or loss; (3) the worker's investment in the business; (4) the permanence of the working relationship; and (5) the degree of skill required to perform the work. *Franks*, 7 F.3d at 973 (citation omitted).

The prison labor at issue here is factually akin to the situation addressed by the United States District Court for the District of Kansas in *Rhodes v. Schaefer*, *supra*. In *Rhodes*, the prisoner sued a private industry operating on prison premises. The Court found the Kansas Department of Corrections exercised a sufficient degree of control over the labor relationship such that it outweighed "those aspects of [the prisoner's] assignment to [the private industry] that might suggest the existence of an employment relationship protected by Title VII" and therefore, concluded that the prisoner "did not have standing to proceed as an 'employee' as defined by Title VII." *Rhodes*, 2002 WL 826471 at *5. In reaching this conclusion, the court found persuasive "the case law developed by the courts which have considered, and rejected, the argument that prisoners assigned to private industry operating on prison premises may be viewed as employees under the Fair Labor Standards Act." *Id.* at *4 (*citing Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1325-26 (9th Cir. 1991) (inmates working in private plasma center inside prison were not covered by FLSA); *Alexander v. Sara, Inc.*, 721 F.2d 149, 150 (5th Cir. 1983) (inmates working in private, for-profit laboratory inside prison were not covered by FLSA); and *Sims v. Parke Davis & Co.*, 334 F.Supp. 774, 782 (E.D. Mich.) (inmates working at private drug clinic inside prison were not covered), *aff'd*, 453 F.2d 1259 (6th Cir. 1971), *cert. denied*, 405 U.S. 978 (1972). *Compare Watson v. Graves*, 909 F.2d 1549 (5th Cir. 1990) (prisoners in work release programs working [outside the prison] for private employers [who paid the prisoners directly] were employees entitled to minimum wage coverage under FLSA)).

In his Response, Plaintiff attempts to establish his status as an employee under the economic reality test. Plaintiff submits exhibits pertaining to the contractual relationship between the ODOC and Defendants, the ODOC's policy concerning private sector prison industries and other materials to attempt to demonstrate that he is an employee of Defendants. Under Tenth Circuit precedent, however, this evidence is not material as the Tenth Circuit has declined to apply the economic reality test to a prisoner's FLSA claim. Therefore, the Court recommends dismissal of the FLSA claim without reliance upon this evidence.

Even so, the material relied upon by Plaintiff fails to establish that he would qualify as an employee and the reasoning set forth in *Rhodes* is persuasive to disposition of Plaintiff's FLSA claims. Plaintiff's eligibility to work for the Defendants was subject to approval by his ODOC Unit Manager upon completion of a job application. *See* Response, Exhibit 7, JHCC Offender Job Application. The prison's facility head approved all work schedules. *See* Response, Exhibit 6, ODOC Policy OP-080201 I(E)(5). Defendants were required to provide job descriptions, responsibilities, minimum job qualifications and personnel policies to the Warden. *See* Response, Exhibit 5, ¶ 4(a) (partial contract between ODOC and Defendant Direct Media Inc.). And, wages were paid directly to the ODOC as Trustee for the prisoners and were subject to deductions by the ODOC for program support and other prison-related purposes. *See id.* at ¶ 5(a) and (b) and Exhibit 6, § F. Further, although Plaintiff's allegations do not precisely identify the location of the work setting, Plaintiff's allegations do indicate that the prisoners remained within the confines of the

correctional facility. The prisoners were not released to work for a private employer out in the community or away from the correctional facility. Under these circumstances, Plaintiff's work performed in Defendants' private industry "should be viewed no differently than the more traditional work assignments considered in *Williams v. Meese* and *Franks v. Oklahoma State Industries.*" *Rhodes*, 2002 WL 825471 at *4.

Finally, the fundamental goal of the FLSA – to support the economic welfare of employees and ensure them a basic standard of living – is not advanced by a finding that Plaintiff qualifies as an "employee" entitled to the Act's protections. A confined prisoner's basic needs for food, shelter and medical care are met regardless of the prisoner's ability to pay. Nothing about Plaintiff's alleged circumstances in regard to his prison work take him outside that frame of reference. His allegations fail to demonstrate a plausible claim for relief under the FLSA.

It is recommended, therefore, that Plaintiff's FLSA claims be dismissed. Plaintiff is not an employee as intended by the purposes of the FLSA and, therefore, is not entitled to the protections of the Act.

### 2.     Oklahoma Minimum Wage Act Claim

Plaintiff also brings a wage claim pursuant to Oklahoma law, Okla. Stat. tit. 40 §§ 197.1 *et seq.* As discussed below, it is recommended that the Court decline to exercise supplemental jurisdiction over the state law claims raised in the Second Amended Complaint. For this reason, the Court does not undertake analysis of Plaintiff's wage claim brought pursuant to state law.

**B.     Plaintiff's Claims Alleged in Count II of the Second Amended Complaint**

In Count II, Plaintiff alleges that he was paid less than "that paid for work of a similar nature in the locality in which the work was performed" and seeks "back pay" and "liquidated damages." *See* Second Amended Complaint at 13-14. Defendants seek dismissal of the claims raised in Count II on grounds Plaintiff has failed to state a plausible claim for relief. In addition, Defendants contend to the extent Plaintiff raises any claim in Count II, such claims are merely duplicative of the claims brought pursuant to the FLSA and alleged in Count I.

In his Response, Plaintiff alleges he brings the claim in Count II pursuant to 18 U.S.C. § 1761, the Ashurst-Sumners Act, which "criminalizes the transportation in interstate commerce of prison-made goods in instances where prisoner labor threatens fair competition." *Gambetta v. Prison Rehabilitative Industries & Diversified Enterprises, Inc.*, 112 F.3d 1119, 1124 (11th Cir. 1997) (footnote and citations omitted). Plaintiff recognizes this is a criminal statute that provides no private right of action, but further contends he has an implied private right of action for back wages. Plaintiff's claim is without merit. *See Harker v. State Use Industries*, 990 F.2d 131, 134–35 (4th Cir.1993) (stating that the Ashurst–Sumners Act, 18 U.S.C. §§ 1761 and 1762, "has no private right of action"); *Wentworth v. Solem*, 548 F.2d 773, 774 (8th Cir.1977) ( per curiam ) (stating that 18 U.S.C. §§ 1761 and 1762 are criminal statutes and do not create an express or implied private remedy); *Arney v. Davies*, 759 F.Supp. 763, 763 (D.Kan.1991) (stating that 18 U.S.C. §§ 1761 and 1762 "do not give rise to a private cause of action") (citation omitted).

9

Plaintiff also claims that governing ODOC policy "creates a third party benefit/liberty interest enforceable under the Fourteenth Amendment's Due Process Clause." *See* Response at 8-9. This claim also fails. To the extent Plaintiff's claim is grounded in contract law, such claim is a state law claim only and, as discussed below, the Court should decline to exercise supplemental jurisdiction over any state law claim. To the extent Plaintiff's claim alleges the denial of a protected liberty interest, his claim also fails. Plaintiff was paid wages for his prison employment. Plaintiff's complaint is that he was not paid wages commensurate with the prevailing minimum wage. But, as set forth above, Plaintiff has no legal right to minimum wage under the FLSA. Therefore, Plaintiff has failed to allege facts demonstrating the deprivation of a property interest. Moreover, Plaintiff has no right to prison employment or to any particular job assignment. *Williams*, 926 F.2d at 998.

Alternatively, Plaintiff seeks relief under theories of tort liability. But again, such claims are state law claims over which the Court should decline to exercise supplemental jurisdiction.

In sum, Plaintiff's claims raised in Count II fail to state a plausible claim for relief. Accordingly those claims should be dismissed.

### C. Count III – Plaintiff's Claims Brought Pursuant to 42 U.S.C. §§ 1981, 1983 and 1985

In Count III of the Second Amended Complaint, Plaintiff alleges that Defendants "deliberately depriv[ed] him of his due wage" and "creat[ed] an atmosphere of intimidation

and fear." *See* Second Amended Complaint at 14. In his Response, Plaintiff identifies 42 U.S.C. §§ 1981, 1983 or 1985 as the statutory bases for the claims raised in Count III.

### 1. 42 U.S.C. § 1981

To establish a prima facie case of discrimination under 42 U.S.C. § 1981, a plaintiff must show "(1) that the plaintiff is a member of a protected class; (2) that the defendant had the intent to discriminate on the basis of race; and (3) that the discrimination interfered with a protected activity as defined in § 1981." *Hampton v. Dillard Dept. Stores, Inc.*, 247 F.3d 1091, 1102 (10th Cir. 2001). Plaintiff's Second Amended Complaint is void of factual allegations demonstrating he is a member of a protected class. In his Response, Plaintiff alleges that "he is a member of a protected class . . . the very class referenced in the statute." *See* Response at 10. But this vague and conclusory statement is insufficient. In addition, Plaintiff's own admissions demonstrate he cannot state a claim for § 1981 relief because he affirmatively states in the Response that "he was not discriminated upon based on race . . . ." *See* Response at 10. Accordingly, Plaintiff's claims brought pursuant to 42 U.S.C. § 1981 should be dismissed for failure to state a claim upon which relief may be granted.

### 2. 42 U.S.C. § 1983

To state a valid claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) the violation of a constitutional or federal statutory right; and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Defendants seek dismissal of Plaintiff's claims brought pursuant to § 1983 on grounds that

Plaintiff has failed to allege facts demonstrating the violation of a federal constitutional or statutory right.

Defendants are correct that the Second Amended Complaint fails to allege such facts. As set forth above, Plaintiff has failed to demonstrate a violation of any federal statutory right under the FLSA. And the Complaint contains no allegations of a violation of federal constitutional rights.

In his Response, Plaintiff alleges that he has shown the deprivation of a federally protected right, but references only the FLSA. Accordingly, Plaintiff fails to state a plausible claim for relief under § 1983 and any such claims should be dismissed.[3]

### 3. 42 U.S.C. § 1985

Plaintiff also references in the Second Amended Complaint 42 U.S.C. § 1985 as a basis for liability. But Plaintiff fails to articulate any facts to support such a claim. Legal conclusions alleged in a complaint are insufficient to survive dismissal. *See Iqbal*, 129 S.Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." ).

---

[3]Plaintiff also makes conclusory allegations that Defendants have acted under color of state law. Because Plaintiff has failed to state a plausible claim for § 1983 relief by not alleging facts demonstrating a violation of any federal constitutional or statutory right, the Court need not address whether the factual allegations of the Second Amended Complaint demonstrate Defendants acted under color of state law.

In his Response, Plaintiff alleges that Defendants conspired to reduce wages and deprive him of his federally protected right to minimum wage. He further alleges Defendants threatened any inmate who initiated proceedings to enforce their rights.[4]

"The essential elements of a § 1985(3) claim are: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom." *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir.1993). "The language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971) (footnote omitted). Even considering the allegations made in Plaintiff's Response, he has failed to state a plausible claim for relief under 42 U.S.C. § 1985. As set forth above, Plaintiff has no federally protected right to minimum wage. Nor has he alleged facts demonstrating he is a member of a protected class. Moreover, his allegations of a conspiracy are conclusory at best and also

---

[4]Prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his constitutional rights. *See Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). An inmate claiming retaliation must, however, "allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights." *Id.* (quotations omitted) (emphasis in original). Plaintiff makes only conclusory allegations of threats against inmates. He does not allege facts showing he was denied the right of access to the courts or any other constitutional right. In his Response, he attaches an affidavit stating he was threatened with being fired from his job or being transferred to another prison. *See* Response, Exhibit 33, Sworn Affidavit of Plaintiff. He does not, however, allege that either of these events ever transpired. Moreover, as set forth above, Plaintiff has no constitutional right to a prison job. Similarly, Plaintiff has no right to placement in any particular prison facility. *See Olim v. Wakinekona*, 461 U.S. 238, 245-246 (1983). Thus, to the extent Plaintiff brings a claim of retaliation he has failed to state a plausible claim for relief.

fail to demonstrate any discriminatory animus. Accordingly, Plaintiff's claims brought pursuant to 42 U.S.C. § 1985 should be dismissed for failure to state a claim upon which relief may be granted.

### D. State Law Claims

Under 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over a state-law claim for a number of reasons, including if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."). It is recommended that the Court, in the exercise of discretion, decline to exercise supplemental jurisdiction over any pendent state law claims Plaintiff brings against the Defendants.

### RECOMMENDATION

It is recommended that Defendants' Motion to Dismiss [Doc. #54] be granted and that Plaintiff's federal statutory employment law claims brought pursuant to the Fair Labor Standards Act as well as claims brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1985 be dismissed for failure to state a claim upon which relief may be granted.[5] It is further

---

[5] Based on this recommendation, the Court need not address the alternative basis for dismissal urged on behalf of Defendants Kay Rhea and Trina Weber. Moreover, Plaintiff states in his Response that he "will concede a dismissal of all claims" alleged against Defendants Kay Rhea and Trina Weber. *See* Plaintiff's Response at 2.

recommended that the Court decline to exercise supplemental jurisdiction over any state law claims brought against the Defendants.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file objections to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of this Court by February  23rd , 2012. *See* Local Civil Rule 72.1. The parties are further advised that failure to make timely objection to th is Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred in this matter and terminates the referral.

ENTERED this  2nd  day of February, 2012.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE